IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

AMERICAN CONTRACTORS
INDEMNITY COMPANY,

   Plaintiff,

v.

MIDWEST CRETE CONSTRUCTION,
INC., ROBERT H. SWAIN, and NADINE
SWAIN

   Defendants.

Case No.:
8:16-CV-1388-T-30-MAP

## <u>DEFAULT FINAL JUDGMENT AGAINST DEFENDANT MIDWEST CRETE CONSTRUCTION, INC.</u>

THIS CAUSE comes before the Court upon Plaintiff AMERICAN CONTRACTORS INDEMNITY COMPANY'S ("ACIC") Motion for Entry of Final Judgment after Default (the "Motion") [Dkt. 15] against Defendant MIDWEST CRETE CONSTRUCTION, INC. ("Midwest").[1]  The Court, having reviewed the Motion and the pertinent papers and pleadings on file with the Court, and being otherwise fully advised of the premises, concludes that the Motion should be granted.

Under Federal Rule of Civil Procedure 55(b)(2), a court may enter a final judgment of default against a party who has failed to plead in response to a complaint.  A default

---

[1] As set forth in the Motion [Dkt. 15] as well as ACIC's Response to Order to Show Cause [Dkt. 14], Defendants Robert H. Swain and Nadine Swain filed a Chapter 7 Bankruptcy Petition on July 15, 2016. *See* Case No: 8:16-bk-06044 in the United States Bankruptcy Court for the Middle District of Florida. As such, ACIC seeks final judgment as to only Defendant Midwest.

judgment may be entered "against a defendant who never appears or answers a complaint, for in such circumstances, the case never has been placed at issue." *Solaroll Shade & Shutter Corp. v. Bio-Energy Sys.,* 803 F.2d 1130, 1134 (11th Cir. 1986).  All well-pleaded allegations of fact are deemed admitted upon entry of default; however, before entering a default judgment, a court must confirm that it has jurisdiction over the claims and that the complaint adequately states a claim for which relief may be granted.  *See Nishimatsu Const. Co. v. Houston Nat. Bank,* 515 F.2d 1200, 1206 (5th Cir. 1975);[1] *see also GMAC Commercial Mortg. Corp. v. Maitland Hotel Assocs.,* 218 F. Supp. 2d 1355, 1359 (M.D. Fla. 2002).

Here, the Court has diversity jurisdiction over ACIC's breach of contractual indemnity claims.  Also, the complaint's allegations are sufficient to state a claim for breach of contract/contractual indemnity against Defendant Midwest.  ACIC alleged that Midwest signed the Indemnity Agreement and attached a copy of the Indemnity Agreement to the complaint.  ACIC also alleged that Midwest breached the Indemnity Agreement.  For example, ACIC alleged that: Midwest agreed to indemnify ACIC from any liability for losses and expenses; ACIC issued the Bonds naming Midwest as principal after the indemnitors signed the Indemnity Agreement; ACIC received claims against the Bonds;

---

[1] In *Bonner v. City of Prichard,* 661 F.2d 1206, 1209 (11th Cir.1981) (en banc), the Eleventh Circuit adopted as binding precedent all the decisions of the former United States Court of Appeals for the Fifth Circuit handed down prior to the close of business on September 30, 1981.

and ACIC demanded that Midwest comply with its indemnity obligations to reimburse ACIC, but Midwest failed to comply.  As a result, ACIC incurred damages.

With respect to ACIC's damages, the affidavit of ACIC's Vice President for Bond Claims, Paul Guelpa, specifically identifies the damages as follows: ACIC has paid $300,000 to satisfy performance bond claims and $6,949.32 to satisfy payment bond claims; ACIC also incurred consultant's fees of $5,126.48 to assist in investigating and resolving the performance bond claims on the Projects; and ACIC incurred attorney's fees and costs of $8,088.50 for investigating and resolving claims on the Projects.  Accordingly, ACIC's total damages in the amount of $320,164.30 are sufficiently established without the necessity of a hearing.[2]

It is therefore ORDERED and ADJUDGED that:

1.     Plaintiff AMERICAN CONTRACTORS INDEMNITY COMPANY'S ("ACIC") Motion for Entry of Final Judgment after Default (the "Motion") [Dkt. 15] is granted.

2.     The Clerk of Court is directed to enter a Final Default Judgment in favor of Plaintiff American Contractors Indemnity Company, whose address is 601 S. Figueroa St., Los Angeles, California 90017, and against Defendant Midwest Crete Construction, Inc., whose last known address is 4802 Jacobs Glenn Dr., Tampa, Florida 33610, for

---

[2] Indeed, the amounts are sworn to by an authorized representative of ACIC, supported by an itemized statement of the amount of the payments, and supported by copies of the checks showing ACIC's payments for those amounts.

$320,164.30, which amount shall accrue interest pursuant to 28 U.S.C. §1961 at the rate of .61% per annum, until paid, for all which let execution issue forthwith.

3.     The Court reserves jurisdiction to determine ACIC's entitlement to attorney's fees and costs incurred in this action.  ACIC shall comply with Fed. R. Civ. P. 54 and Local Rule 4.18.

4.     The Clerk of Court is directed to close this case.

_____
JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

Copies provided to:
Counsel/Parties of Record